IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 16-CR-10012-01-JTM

KEITH L. SHAFFER,

    Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant's Motion to Strike Surplusage From the Indictment Returned or, in the Alternative, Motion to Partially Dismiss the Indictment. (Dkt. 9). Defendant claims that the Indictment alleges crimes which clearly fall outside the federal statute of limitations for criminal conduct in Counts One, Two, Four, and Five by: 1) using the phrase, "[b]eginning on a date unknown to the Grand Jury but continuing through approximately. . . ;" and 2) including commissions outside of the statute of limitations in the allegation that defendant knowingly embezzled or misapplied approximately $ 134,917.11. Defendant asks the court to strike as surplusage the phrase "beginning on a date unknown" and the amount listed in those counts.

Federal Rule of Criminal Procedure 7(d) empowers district courts to "strike surplusage from the indictment or information." Courts strike language from the indictment only if it is both clearly irrelevant to the charges and inflammatory or prejudicial to the defendant. *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990), *cert. denied*, 500 U.S. 920 (1991). "This is an

exacting standard that is rarely met." *United States v. Jackson*, 850 F. Supp. 1481, 1506 (D. Kan. 1994).

Defendant fails to meet the standard in this instance. The phrase "beginning on a date unknown" is relevant to the charges against defendant, especially those involving a continuing offense. Moreover, any prejudice from this phrase is minimal since time is not an essential element of the offenses charged and the phrase simply indicates that the government does not know the precise date defendant began his criminal conduct.

As to the amount allegations, they are relevant because the statutory elements of a § 656 violation require a willful misapplication of money of a federally protected bank. Any prejudice from the alleged amount is minimal since the actual amount is not an essential element of the offenses charged. Additionally, the alleged amount is simply what the government hopes to prove at trial. *See United States v. Hill,* 799 F. Supp. 86, 88-89 (D. Kan. 1992) (information the government intends to prove at trial is properly included in the indictment). Because the indictment is not evidence and the court will instruct the jury on the indictment's limited role and require the government to establish the admissibility of evidence at trial, the court declines to strike the alleged amount. *Jackson*, 850 F. Supp. at 1507 (refusing to strike as surplusage allegations in indictment because any prejudice was minimal and court would instruct jury on indictment's limited role).

**IT IS THEREFORE ORDERED** that defendant's motion (Dkt. 9) is DENIED.

**IT IS SO ORDERED** this 2nd day of May 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge